**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| ANGEL MENDOZA LOPEZ, | ) | |
|     Petitioner, | ) | |
| v. | ) | CIV 09-0536 PHX NVW (MEA) |
| CHARLES L. RYAN and<br>ARIZONA ATTORNEY GENERAL, | ) | REPORT AND RECOMMENDATION |
|     Respondents. | ) | |

**TO THE HONORABLE NEIL V. WAKE:**

On or about March 13, 2009, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 9) on June 23, 2009. The time allowed for Petitioner to file any reply to the answer expired on or about July 24, 2009.

**I Procedural History**

In June 2004, an Arizona Department of Corrections ("ADOC") officer searched Petitioner's prison cell. The officer discovered a prison-made weapon, or "shank," encased in two socks under Petitioner's mattress toward the middle of the bunk. The ADOC officer who discovered the shank testified at Petitioner's trial that Petitioner's bunk was approximately six

feet from the bars of Petitioner's cell. Answer, Exh. E at 4. Petitioner stated to an ADOC investigator that he was "responsible for everything in his cell." Id., Exh. A & Exh. E at 3. Petitioner testified on his own behalf at his trial, asserting the shank was not his and that someone else must have placed the shank in his cell. Id., Exh. E at 3 & Exh. O.

A jury found Petitioner guilty of promoting prison contraband, and the trial court sentenced Petitioner to a term of 15.75 years imprisonment, to be served consecutively to the sentence Petitioner was serving at the time the shank was discovered. Id., Exh. A, Exh. E, Exh. K.

Petitioner took a direct appeal of this conviction and sentence. Petitioner argued that the trial court erred in denying his motion for a directed verdict, i.e., that the state presented insufficient evidence for rational jurors to find him guilty. Id., Exh. B. Petitioner alleged the ADOC officer who testified it was six feet between the edge of Petitioner's mattress to the bars of his cell committed perjury by so testifying. Id., Exh. B & Exh. E.

Petitioner also argued that the state violated his constitutional rights as established by Brady v. Maryland by failing to disclose the distance between the bars of Petitioner's cell and his bunk. Id., Exh. B at 21. Appended to his opening brief on appeal was an affidavit and diagram of Petitioner's cell, indicating the distance between the cell bars and his bunk was far shorter than shown by the evidence presented by the prosecution at his trial and inferring that the

shank could have been planted by someone outside Petitioner's cell. See id., Exh. B at App. A.

The Arizona Court of Appeals reviewed Petitioner's Brady claim for fundamental error because Petitioner failed to raise the issue at his trial, and affirmed Petitioner's conviction and sentence. Id., Exh. A. The appellate court concluded Petitioner knew of the "evidence" at the time of his trial and, accordingly, that the state had no duty to "disclose" this information. Id., Exh. A at 5. Petitioner sought review of this decision by the Arizona Supreme Court, see id., Exh. C, which denied review. Id., Exh. D.

Petitioner initiated an action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Id., Exh. E. Petitioner was appointed counsel to represent him in his Rule 32 proceedings. In his petition for post-conviction relief Petitioner argued that his trial counsel was ineffective because he failed to produce evidence to support Petitioner's theory of the case, i.e., counsel failed to establish that Petitioner's bunk was 22 inches from the cell bars and that the socks in which the shank was found were not standard prison-issue socks, although they were available at the prison store. Id., Exh. E. Petitioner also asserted counsel failed to properly cross-examine the ADOC officer who discovered the shank. Additionally, Petitioner alleged his trial counsel failed to emphasize to the jury that ADOC personnel had not found any of the materials used to make the shank in

-3-

Petitioner's cell. <u>Id.</u>, Exh. E at 5-7.[1] Petitioner also alleged his conviction was obtained through perjured testimony, in violation of the United States and Arizona Constitutions. <u>Id.</u>, Exh. E at 7-8.

The state trial court conducted an evidentiary hearing. <u>See id.</u>, Exh. F & Exh. J. The trial court concluded that, even assuming that counsel's performance was deficient, Petitioner failed to demonstrate there was a reasonable probability that the verdict would have been different. <u>Id.</u>, Exh. F. The trial court noted the "overwhelming" circumstantial evidence, including the fact that Petitioner had been confined to his cell for 23 out of 24 hours per day for the two months preceding the discovery of the shank. <u>Id.</u>, Exh. F.

Petitioner sought review of this decision by the Arizona Court of Appeals, <u>see id.</u>, Exh. G, which granted review but denied relief. <u>See id.</u>, Exh. H. Petitioner did not seek review of this decision by the Arizona Supreme Court. <u>Id.</u>, Exh. I.

In his section 2254 petition, Petitioner argues that his right to due process was violated because the state withheld allegedly exculpatory evidence. Petitioner also alleges that he was denied his Sixth Amendment right to effective assistance of trial counsel. Respondents allow that the petition is timely and that Petitioner exhausted his <u>Brady</u> claim in the state courts. Respondents contend Petitioner did not properly exhaust

---

[1] The shank was constructed of thick gauge steel wire with a handle manufactured from masking tape.

-4-

1 his ineffective assistance of counsel claim because he failed to
2 present the claim to the Arizona Supreme Court in his Rule 32
3 action.

**II Analysis**

**Exhaustion**

The District Court may only grant federal habeas relief on the merits of a claim which has been exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v.Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).

Respondents argue that, because Petitioner did not present his ineffective assistance of counsel claim to the Arizona Supreme Court, he has not presented the claim to the state's "highest court." The Court disagrees. The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz.

2007) (providing a thorough discussion of what constitutes the "highest court" in Arizona for purposes of exhausting a habeas claim in the context of a conviction resulting in a non-capital sentence). Although Respondents make a persuasive argument to the contrary based on the opinion in Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1350 (2004), until the Ninth Circuit Court of Appeals specifically concludes the contrary, the Court is bound by Swoopes.[2]

Additionally, although prior to 1996 the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (1994 & Supp. 2008). Petitioner's claims may be rejected on the merits notwithstanding any failure to properly or completely exhaust his claims in the state courts.

**Standard of review regarding exhausted claims**

The Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision

---

[2] Since Baldwin the Ninth Circuit Court of Appeals has reaffirmed the holding of Swoopes. "In cases not carrying a life sentence or the death penalty, claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." Castillo v. McFadden, 399 F.3d 993, 998 n.3 (9th Cir. 2005)(internal quotations from Swoopes omitted).

-6-

contrary to clearly established federal law, or one involving an unreasonable application of clearly established federal law, or unless the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. See 28 U.S.C. § 2254(d) (1994 & Supp. 2008); Carey v. Musladin, 127 S. Ct. 649, 653 (2006); Musladin v. Lamarque, 555 F.3d 834, 838 (9th Cir. 2009).

Factual findings of a state court are presumed to be correct and can be reversed by a federal habeas court only when the federal court is presented with clear and convincing evidence. See Miller-El v. Dretke, 545 U.S. 231, 125 S. Ct. 2317, 2325 (2005); Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003); Stenson v. Lambert, 504 F.3d 873, 881 (9th Cir. 2007), cert. denied, 129 S. Ct. 247 (2008); Anderson v. Terhune, 467 F.3d 1208, 1212 (9th Cir. 2006); Solis v. Garcia, 219 F.3d 922, 926 (9th Cir. 2000). The "presumption of correctness is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact." Sumner v. Mata, 455 U.S. 591, 593, 102 S. Ct. 1303, 1304-05 (1982).

A state court decision is contrary to federal law if it applied a rule contradicting the governing law of Supreme Court opinions or if it reaches a different result than a Supreme Court case on the presentation of materially indistinguishable facts. See Williams v. Taylor, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 1519 (2000). If the state court erroneously applied only harmless error review to the Petitioner's claims of

-7-

constitutional error, the state court's decision is considered contrary to federal law. See Frantz v. Hazey, 533 F.3d 724, 737 (9th Cir. 2008) (en banc).

The state court's decision is an unreasonable application of clearly established federal law only if it can be considered objectively unreasonable. Williams, 529 U.S. at 409, 120 S. Ct. at 1521. United States Supreme Court holdings at the time of the state court's decision are the source of "clearly established federal law" for the purpose of the "unreasonable application" prong of federal habeas review. Id., 529 U.S. at 412, 120 S. Ct. at 1523; Barker v. Fleming, 423 F.3d 1085, 1093 (2005).

Unless United States Supreme Court precedent has clearly established a rule of law, the writ will not issue based on a claimed violation of that rule, see Alvarado v. Hill, 252 F.3d 1066, 1069 (9th Cir. 2001), because federal courts are "without the power" to extend the law beyond Supreme Court precedent. See Dows v. Wood, 211 F.3d 480, 485 (9th Cir. 2000).

Accordingly, if the Supreme Court has not addressed an issue in its holdings, the state court's adjudication of the issue cannot be an unreasonable application of clearly established federal law. See Stenson, 504 F.3d at 881, citing Kane v. Espitia, 546 U.S. 9, 10, 126 S. Ct. 407, 408 (2006). If the issue raised by the petitioner "is an open question in the Supreme Court's jurisprudence," the Court may not issue a writ of habeas corpus on the basis that the state court unreasonably applied clearly established federal law by rejecting the precise

-8-

claim presented by the petitioner. Cook v. Schriro, 538 F.3d 1000, 1016 (9th Cir. 2008), cert. denied, 129 S. Ct. 1033 (2009); Crater v. Galaza, 491 F.3d 1119, 1123 (9th Cir. 2007), cert. denied, 128 S. Ct. 2961 (2008).

**Petitioner's Brady claim**

The United States Supreme Court held in Brady v. Maryland that a defendant's right to due process of law is violated when the government fails to disclose evidence that is material to the defendant's guilt or innocence. See 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97 (1963). In order to prevail on a Brady claim in a federal habeas action, the petitioner must demonstrate that: (1) the evidence at issue was favorable to the petitioner, either because it was exculpatory or impeaching; (2) the evidence was suppressed by the government, either willfully or inadvertently; and (3) prejudice resulted. See, e.g., Strickler v. Greene, 527 U.S. 263, 281-82, 119 S. Ct. 1936, 1948 (1999). If the petitioner was aware of the essential facts enabling him to take advantage of any such evidence at the time of his trial, however, the government does "not commit a Brady violation by not bringing the evidence to the attention of the defense." United States v. Brown, 582 F.2d 197, 200 (2d Cir. 1978), quoted in Raley v. Ylst, 470 F.3d 792, 804 (9th Cir. 2006).

Petitioner raised a Brady claim in his direct appeal. The Arizona Court of Appeals determined that the evidence in question was known to Petitioner at the time of his trial and, accordingly, that Brady had not been violated by the state's

-9-

1  "failure" to provide measurements of the cell or other
2  documentary evidence to the defense prior to trial.

3  The Court of Appeals' decision was not clearly contrary
4  to federal law.  The dimensions of Petitioner's cell were known
5  to Petitioner prior to trial.  Because Petitioner was aware of
6  the essential facts enabling him to take advantage of any
7  evidence regarding the measurements of his cell at the time of
8  his trial, the government did not commit a <u>Brady</u> violation by
9  not bringing the evidence to the attention of the defense.
10 Accordingly, Petitioner is not entitled to habeas relief on his
11 <u>Brady</u> claim.

**Petitioner's ineffective assistance of counsel claim**

13 To state a claim for ineffective assistance of counsel,
14 a petitioner must show that his attorney's performance was
15 deficient and that the deficiency prejudiced the petitioner's
16 defense.  <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104
17 S. Ct. 2052, 2064 (1984).  The petitioner must overcome the
18 strong presumption that counsel's conduct was within the range
19 of reasonable professional assistance required of attorneys in
20 that circumstance.  <u>See</u> <u>id.</u>

21 To prevail on the merits of a habeas claim of
22 ineffective assistance of counsel, "it is the habeas applicant's
23 burden to show that the state court applied <u>Strickland</u> to the
24 facts of his case in an objectively unreasonable manner.  An
25 unreasonable application of federal law is different from an
26 incorrect application of federal law." <u>Woodford</u>, 537 U.S. at
27 25, 123 S. Ct. at 360 (internal quotations omitted).  "A fair

-10-

assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Indeed, "strategic choices made after thorough investigation of law and facts relevant to plausible options are *virtually unchallengeable*...." Id., 466 U.S. at 690-91, 104 S. Ct. at 2066 (emphasis added).

To succeed on an assertion his counsel's performance was deficient because counsel failed to raise a particular argument the petitioner must establish the argument was likely to be successful, thereby establishing that he was prejudiced by his counsel's omission. See Tanner v. McDaniel, 493 F.3d 1135, 1144 (9th Cir.), cert. denied, 128 S. Ct. 722 (2007); Weaver v. Palmateer, 455 F.3d 958, 970 (9th Cir. 2006), cert. denied, 128 S. Ct. 177 (2007). A defendant has no constitutional right to compel counsel to raise particular objections if counsel, as a matter of professional judgment, decides not to raise those objections. See Jones v. Barnes, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312 (1983) (declining to promulgate "a per se rule that the client, not the professional advocate, must be allowed to decide what issues are to be pressed").

Petitioner raised a claim of ineffective assistance of trial counsel in his state action for post-conviction relief. After conducting an evidentiary hearing, the state trial court concluded that Petitioner's trial counsel's performance was

-11-

arguably deficient with regard to his cross-examination of the ADOC officer who found the shank in Petitioner's cell. The state trial court concluded that, nonetheless, the amount of circumstantial evidence against Petitioner was overwhelming and, accordingly, that even if counsel's performance was deficient in this regard the deficiency was not prejudicial. The state Court of Appeals affirmed this decision.

The state courts' decisions denying Petitioner's ineffective assistance of counsel claim was not clearly contrary to federal law. Although counsel may not have sufficiently cross-examined the ADOC officer regarding the distance between the bars of the cell and the edge of Petitioner's mattress, Petitioner's theory of the case was otherwise presented to the jury. Petitioner testified that he did not know the shank was in his cell and that he did not place the shank under his mattress. The jury heard this testimony and testimony that Petitioner had been housed alone in the cell for two months, that Petitioner was in the cell for all but one hour a day, and that Petitioner had admitted that he was "responsible" for what was present in his cell.

Because the state court could reasonably conclude that any failure to more strenuously cross-examine the ADOC officer was not prejudicial given the circumstantial evidence against Petitioner, the state court's decision was not an unreasonable application of <u>Strickland</u> and Petitioner is not entitled to habeas relief on this claim.

**III Conclusion**

Respondents allow that the petition is timely and that Petitioner properly exhausted his Brady claim in the Arizona state courts. The Court concludes that the Arizona state court's decision denying Petitioner's Brady claim was not an unreasonable application of federal law. The Court concludes that Petitioner properly exhausted his ineffective assistance of counsel claim by fairly presenting it to the Arizona Court of Appeals in his state action for post-conviction relief. The state court's decision denying Petitioner's ineffective assistance of counsel claim was not an unreasonable application of Strickland and, accordingly, Petitioner is not entitled to habeas relief on this basis.

**IT IS THEREFORE RECOMMENDED** that Mr. Romero's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the

-13-

parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 5th day of August, 2009.

_____
Mark E. Aspey
United States Magistrate Judge

-14-